IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER CORBELL, VESTER WILLIAMS,
RICCARDO MUSCATO, AND BRAD ANDREW,**
Each individually and on behalf of all others similarly situated      **PLAINTIFFS**

V.                              CASE NO. 5:22-CV-_____

**ZRS & ASSOCIATES LLC**
and **CINDY STAUTY**                                       **DEFENDANTS**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Christopher Corbell, Vester Williams, Riccardo Muscato, and Brad Andrew, each individually and on behalf of all others similarly situated, by and through their attorneys Chris Burks and Stewart Whaley of WH LAW, for their Class and Collective Action Complaint against ZRS & Associates LLC and Cindy Stauty, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiffs Christopher Corbell, Vester Williams, Riccardo Muscato, and Brad Andrew, individually and on behalf of all employees employed as EMTs/paramedics, drivers, or dispatchers by Defendants at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay

Plaintiffs and other EMT/paramedic, driver, or dispatcher employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3.      Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6.      Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7.      The acts complained of herein were committed and had their principal effect within the Fayetteville Division of the Western District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8.      Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9.      The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

11. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiff Corbell is a resident and citizen of Washington County, Arkansas.

13. Plaintiff Williams is a resident and citizen of Creek County, Oklahoma.

14. Plaintiff Muscato is a resident and citizen of Benton County, Arkansas.

15. Plaintiff Andrew is a resident and citizen of Benton County, Arkansas.

16. Plaintiffs were employed by Defendants as EMTs/paramedics, drivers, or dispatchers within the three years relevant to this lawsuit.

17. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

18. Defendant ZRS & Associates LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

19. Defendant ZRS & Associates LLC's registered agent for service of process in Arkansas is Registered Agents, Inc. at 710 South Street, Mountain Home, AR 72653.

20. Defendant Cindy Stauty is a principal, director, and/or operator of ZRS & Associates LLC.

21. Defendant Stauty is able to be served at 602 Pine Street, Texarkana, TX 75501.

22. Defendants ZRS & Associates, LLC and Statuty are "employers" within the meanings set forth in the FLSA and AMWA, and were, at all times relevant to the allegations in this Complaint, jointly Plaintiffs' employer, as well as the employers of the members of the class and collective.

23. Defendant ZRS & Associates, LLC is a provider of non-emergency medical transport, transporting individuals to and from medical appointments and hospitals.

24. During the time period relevant to this case, Plaintiffs were employed by Defendants as EMTs/paramedics, drivers, or dispatchers, working in Washington County and Benton County, Arkansas.

25. Defendants ZRS & Associates, LLC and Stauty have employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as vehicles used for transportation.

26. Defendant ZRS & Associates, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

27. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

28. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Corbell worked for Defendants as an office administrator and lead paramedic.

29. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Williams worked for Defendants as a paramedic.

30. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Muscato worked for Defendants as a wheelchair van driver and dispatcher.

31. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Andrew worked for Defendants as an EMT.

32. Plaintiffs and other employees who worked as drivers, EMTs/paramedics, and dispatchers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendants.

33. Plaintiffs and other similarly situated employees were not paid for all hours they worked each week and regularly worked in excess of forty (40) hours per week.

34. Plaintiffs and other similarly situated employees did not receive time and one-half their regular rate of pay for each hour worked over forty (40) in a week.

35. Instead, it was Defendants' commonly applied policy to only pay Plaintiffs and other similarly situated employees their regular rate for the overtime hours they worked over forty (40) in a week.

36. Throughout Plaintiffs' employment with Defendants, there would occasionally be periods where Defendants delayed payments to Plaintiffs and other similarly-situated employees.

37. In March or April 2022, Defendants issued checks to their employees for a two-week period of work.

38. The checks issued to Andrew, Corbell, Muscato, and Williams bounced.

39. Based on Plaintiffs' information and belief, checks issued by Defendants to other similarly situated employees also bounced.

40. After that, Defendants stopped paying Plaintiffs, although Plaintiffs and other similarly-situated employees continued to work their regular schedules.

41. Plaintiffs worked for an additional month without receiving pay.

42. Defendants have continued to neglect to pay Plaintiffs for this six-week period, and Plaintiffs are owed payments for six weeks of work (the two week period covered by the bounced check, and the subsequent month for which no checks were issued).

43. As a result of Defendants' failure to pay Plaintiffs, Plaintiffs did not receive a lawful minimum wage for hours they worked under forty (40) in these six-week period.

44. As a result of Defendants' failure to pay Plaintiffs, Plaintiffs did not receive a lawful overtime premium rate for hours they worked over forty (40) in this six week period.

45. Plaintiffs worked for Defendants at Defendants' Northwest Arkansas location, which served Washington County and Benton County, Arkansas.

46. Defendants' pay practices were the same for all EMTs/paramedics, drivers, and dispatchers in Arkansas.

47. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendants' headquarters.

48. Defendants knew or showed reckless disregard for whether the way they paid Plaintiffs and other paramedic/EMT, driver, and dispatcher employees violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

### A.   FLSA § 216(b) Class

49. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

50. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Plaintiffs bring their FLSA claims on behalf of all EMT/paramedic, driver, and dispatcher employees employed by Defendants at any time within the applicable statute of limitations period, who were classified by Defendants as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

    A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek; and

    B. Liquidated damages; and

    C. Attorneys' fees and costs.

52. The relevant time period dates back three years from the date on which Plaintiffs' Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

53. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

    B. They worked as EMTs/paramedics, drivers, or dispatchers; and

    C. They were subject to Defendants' common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week.

54. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

55. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA

collective action Plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B.   AMWA Rule 23 Class

56.   Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

57.   Plaintiffs propose to represent the class of EMT/paramedic, dispatcher, and driver employees who are/were employed by Defendants within the relevant time period within the State of Arkansas.

58.   Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' failure to include non-discretionary bonuses in its calculation of overtime pay, Defendants paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

59.   Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

60.   The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general

well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

61.     Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

62.     At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

63.     Concentrating the litigation in this forum is highly desirable because Defendants' Northwest Arkansas location is based in the Western District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

64.     No difficulties are likely to be encountered in the management of this class action.

65.     The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked as EMTs/paramedics, drivers, or dispatchers for Defendants and experienced the same violations of the AMWA that all other class members suffered.

66.     Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

67.     Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

68. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

69. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

70. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

71. During the period relevant to this lawsuit, Defendants classified Plaintiffs as non-exempt from the overtime requirements of the FLSA.

72. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs a minimum wage rate for hours worked under forty (40) hours in each one-week period and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

73. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

74. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid wages, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

75. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

76. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

77. Plaintiffs bring this collective action on behalf of all EMT/paramedic, driver, and dispatcher employees employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

78. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

79. During the period relevant to this lawsuit, Defendants classified Plaintiffs and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

80. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated a lawful minimum wage rate for all hours worked under forty (40) in each one-week period and an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

81. In the past three years, Defendants has employed hundreds of EMT/paramedic, driver, and dispatcher employees.

82. Like Plaintiffs, these employees regularly worked more than forty (40) hours in a week.

83. Defendants failed to pay these workers at the proper minimum wage and overtime rates.

84. Because these employees are similarly situated to Plaintiffs, and are owed minimum wages and overtime for the same reasons, the opt-in class may be properly defined as:

> **Each EMT/paramedic, driver, and dispatcher employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week, or who did not receive payments from Defendants for hours worked during March – May 2022.**

85. Defendants' conduct and practice, as described above, have been and is willful, intentional, unreasonable, arbitrary and in bad faith.

86. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

87. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

88.   Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

89.   Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

90.   At all relevant times, Defendants were jointly Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

91.   Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage of not less than nine dollars and twenty-five cents ($9.25) per hour beginning January 1, 2019; a rate of not less than ten dollars ($10.00) per hour beginning January 1, 2020; and a rate of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

92.   Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

93.   Defendants failed to pay Plaintiffs a lawful minimum wage and all overtime wages owed as required under the AMWA.

94.   Defendants' failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendants' habitual practice of failing to pay Plaintiffs for all hours worked.

95.   Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

96. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

97. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

98. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

99. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

100. At all relevant times, Defendants have jointly been and continue to be the "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

101. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage of not less than nine dollars and twenty-five cents ($9.25) per hour beginning January 1, 2019; a rate of not less than ten dollars ($10.00) per hour beginning January 1, 2020; and a rate of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

102. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless

an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

103. Defendants failed to pay Plaintiffs and members of the proposed class a lawful minimum wage and all overtime wages owed as required under the AMWA.

104. Plaintiffs propose to represent a class of individuals who are owed minimum wages and overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each EMT/paramedic, driver, and dispatcher employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week, or who did not receive payments from Defendants for hours worked during March – May 2022.**

105. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

106. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

107. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Christopher Corbell, Vester Williams, Riccardo Muscato, and Brad Andrew respectfully pray that Defendants be summoned to appear and to answer herein as follows:

(A)     That Defendants be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B)     A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)     A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)     Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)     Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendants to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

                Respectfully submitted,

**Christopher Corbell, Vester Williams, Riccardo Muscato, and Brad Andrew, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:     *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law
Stewart Whaley (ABN: 2009084)
stewart@wh.law